UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHANAEL WILFRED BROUSSARD,

    Plaintiff,

 v.

TACOMA NEWS TRIBUNE, CRAIG HILL,

    Defendants.

CASE NO. 3:19-CV-6022-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Nathanael Wilfred Broussard, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1-1.[1] Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by December 20, 2019, to cure the deficiencies identified herein.

---

[1] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 1. However, the Court finds it improbable Plaintiff will be able to cure the deficiencies of his Complaint and therefore will not rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

ORDER TO SHOW CAUSE OR AMEND
COMPLAINT - 1

**BACKGROUND**

Plaintiff, who is currently housed at Washington State Penitentiary, alleges Defendants Tacoma News Tribune and Craig Hill, a journalist, violated his right to privacy when they posted a story on Facebook and discussed Plaintiff's prior arrest history. Dkt. 1-1 at 4. Plaintiff alleges he has suffered public embarrassment and humiliation and seeks monetary relief. Dkt. 1-1 at 6-7.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of

state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Here, Plaintiff fails to name a proper defendant. Plaintiff has named Tacoma News Tribune and Craig Hill as defendants. Dkt. 1-1. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Plaintiff's allegations do not satisfy any of these four tests. Plaintiff has not alleged any state involvement in Defendants actions. Because Plaintiff may not pursue actions against a private party absent facts showing how the private individual's actions amount to state action, Plaintiff fails to state a claim against Defendants. Plaintiff must show cause why his Complaint should not be dismissed.

### Instruction to Plaintiff and the Clerk

Due to the deficiency described above, the Court will not serve the Plaintiff's Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or

ORDER TO SHOW CAUSE OR AMEND
COMPLAINT - 3

inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issue raised herein on or before December 20, 2019 the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

1    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2  civil rights complaint and for service. The Clerk is further directed to send copies of this Order

3  and Pro Se Instruction Sheet to Plaintiff.

4    Dated this 20th day of November, 2019.

*[signature]*
David W. Christel
United States Magistrate Judge